## BROWN *v.* LEAVITT, EX'OR.

No right of action existing against the estate of a person deceased, is barred by the statute of limitations until the expiration of two years after a grant of administration, duly made by the court of probate.

An action may be brought against an executor of his own wrong, if a cause of action exist against the debtor, at his decease, until the action is barred by the lapse of two years after a lawful grant of administration.

A replication that a claim was not barred at the debtor's decease, that no administration has been granted on the estate, and that the defendant administers as executor of his own wrong, is a good answer to a plea of the statute of limitations.

ASSUMPSIT, against the defendant, as executor of Morris Leavitt, deceased, founded upon two promissory notes, signed by said Morris, payable to the plaintiff, or order, on demand, with annual interest. One dated March 11, 1837, for $66,60 cents; the other, dated April 9, 1839, for $17,70.

The defendant pleaded in bar, first, that he was never executor of the last will and testament of said Morris Leavitt, and never administered, as such executor, any goods or estate which were of said Morris; and secondly, that said Morris did not promise as set forth in the declaration, at any time within six years next before the commencement of the suit.

To the first plea, the plaintiff replied that the defendant, as executor in his own wrong, has intermeddled with the personal estate of the said Morris, deceased, to the value of the damages sustained by the plaintiff, by reason of the promises in the declaration set forth, and wherewith the defendant, as such executor, ought to be charged, and tendered an issue to the country, which was joined by the defendant.

And to the second plea the plaintiff replies as follows: " And the said plaintiff, as to said plea of said defendant, by him secondly above pleaded, says that the plaintiff, by reason of any thing by said defendant in said plea alleged,

ought not to be barred from having and maintaining his action aforesaid thereof against the said defendant, because, he says, that said Morris Leavitt died at said Effingham, within and less than six years from and after he signed each of said notes in said declaration described, to wit, on the eleventh day of January, A. D. 1842, intestate, and that no administration on the estate of said Morris Leavitt, deceased, was ever granted by the judge of probate for said county, nor was there ever any administration on said estate, till the defendant, as executor in his own wrong, intermeddled with the personal estate of said deceased, of great value, to wit, of the value of the damage sustained by the plaintiff, by reason of the promises in said declaration mentioned, within two years next before the commencement of the plaintiff's said action, to wit, at said E., on the first day of May, A. D. 1847; and this the plaintiff is ready to verify. Wherefore he prays judgment," &c.

The defendant rejoined to this replication, that the plaintiff ought not to have his action maintained, because, he says, that said cause of action did not accrue within six years next before the commencement of the plaintiff's action, and of this he puts himself upon the country.

To this rejoinder the plaintiff filed a general demurrer.

The questions arising upon these pleadings were transferred to this court for decision.

*Hobbs & Sanborn,* for the plaintiff.

*Dearborn,* for the defendant.

BELL, J. We think the ground taken by the defendant is entirely unsound. He contends that as the plaintiff has declared against him as executor, and as the defendant, by pleading the statute of limitations, has admitted that he is executor, he is to be regarded and treated throughout as the rightful executor, and entitled to any defence that

such rightful executor could have. But there is no pretence, that we are aware of, that this was true at common law. The rule there, is thus stated in 2 Leigh's Nisi Prius 957: " If any person, without just authority, take upon himself to act as executor, by intermeddling with the goods of the deceased, he is called an executor of his own wrong, or more usually executor *de son tort*, and he is liable to all the troubles of an executorship, without any of the profits or advantages." 2 Black. Com. 507; Swin. pt. 4, § 23; Wms. Ex'ors. 136. And " an executor *de son tort* cannot, as against a creditor of the deceased retain for his own debts," as a rightful executor may do at common law, " even though of a higher degree, and the rightful executor or administrator has assented to such retainer." 2 Leigh's Nisi Prius 960; 1 Went. Ex. 333; *Coulter's Case*, 5 Co. 30; *Curtis* v. *Vernon*, 3 D. & E. 587. And this notwithstanding " an executor *de son tort* is uniformly declared against, as if he were lawful executor, though the party died intestate. 2 Leigh's Nisi Prius 962.

The liability of an executor *de son tort* is in its nature essentially distinct from that of an executor duly appointed. It is governed by different rules and subject to different principles. The one is founded on consent and contract, while the other, whatever its form of action, is in substance founded on tort.

By our statutes, the distinction between the two cases is kept up. The powers and duties and liabilities of executors and administrators are prescribed, and limitations are affixed to the rights of action belonging to the estate, and to those existing against it. But it seems to us very clear that generally, and perhaps always, the provisions of these statutes must be understood to apply only to the cases of executors and administrators duly appointed, and that they have no application to the case of executors of their own wrong. Take, for example, the 12th section of chapter 158 of the Revised Statutes. " No person shall intermeddle

with the estate of any person deceased, or act as executor or administrator thereof, or be considered as having that trust, unless he shall have given bond," &c. If this provision could be understood to apply to executors *de son tort*, it would be inconsistent with the 15th section of the chapter, since no person who assumes to intermeddle with the estate without authority, ever gives bond. The latter section provides a remedy for the case of a person who interferes with an estate in defiance of the express prohibition of the 12th section. It declares that "if any person shall unlawfully intermeddle with, embezzle, alienate, waste or destroy any of the personal estate of a deceased person, he shall stand chargeable and be liable to the action of the creditors and others aggrieved, as executor in his wrong, to double the value of the estate so intermeddled with, alienated, wasted or destroyed." And the effect of the two sections, when compared, is obviously, that if any person unlawfully intermeddles, "he shall not act as executor," "or be considered as having that trust," that is, he shall have none of the powers, rights or privileges of an executor, rightfully exercising that office, but he shall be liable to the actions of creditors, as executor of his own wrong, to the amount prescribed.

By section 4 of chapter 159, all assets, whether inventoried or not, are to be accounted for, and the executor or administrator is made chargeable with them ; but this cannot apply to executors *de son tort*, because their liability is expressly limited to double the value of the property intermeddled with.

Chapter 161 provides that no action shall be sustained against any administrator, if commenced within one year after the original grant of administration, (§ 1) ; nor unless the demand shall have been exhibited to the administrator within two years after the original grant of administration (§ 2) ; nor unless the action is commenced within three

years next after the original grant of administration (§ 5); and if the right of action existed against or in favor of the deceased, at the time of his death, and survives, an action may be brought by or against the administrator, at any time within two years after the original grant of administration." (§ 7.)

Neither of these provisions, designed for the protection of executors and administrators duly appointed, can apply to the case of executors of their own wrong, generally, because there is no grant of administration to them, nor, ordinarily, to any other person in such cases; and we must, therefore, understand by the word *administrator*, (which includes executor, ch. 158, § 1,) an executor or administrator duly appointed by the court of probate, and who has given the security required by the section first quoted. An examination of the other provisions of the 161st chapter will show, that none of them, ordinarily, apply to the case of an executor of his own wrong, and that the Legislature must have designed them to apply only in cases where there was a rightful administration.

An executor of his own wrong, then, cannot protect himself under any of the limitations prescribed by chapter 161, where there has been no legal and rightful administration of the estate.

But as an executor of his own wrong is subjected only to the actions of creditors, and others aggrieved, he has a right to raise the question whether the plaintiff, at the time of bringing his action, was a creditor. If the plaintiff's right of action has become barred, he has ceased to be a creditor within the meaning of the statute. A claim against the estate of a deceased person, once barred, is cut off entirely, since no person has either power or right to revive it by a new promise, or in any other mode. But if a claim still exists, and has not become finally barred by any statute, if it is capable of being enforced against the estate whenever an ad-

ministrator is duly appointed to represent the estate, the claimant is a creditor, and may bring his action against any one who embezzles the estate.

The general statute of limitations (Rev. Stat. ch. 181, § 4,) provides that personal actions (except specified cases) shall be brought within six years after the cause of action accrued, and not afterwards. * The present action falls within the classes embraced in this provision. The second plea presents this bar, and if this action were now pending between the original parties to the contracts declared on, it would be a perfect bar, and, if unanswered, it would show that the plaintiff has no right of action.

It is, however, necessary to compare the general provision with that presented in the 7th section of chapter 161, before cited. The provisions of the Revised Statutes are to be construed together, and as it is wholly immaterial in what part of a statute the provisions are found, they are to be construed as if they were found in two successive clauses. Read in this way, the law is stated thus: personal actions (except in certain specified cases) shall be brought within six years after the cause of action accrued, and not afterwards. But if a right of action exist against or in favor of a person deceased, at the time of his death, and survives, an action may be brought by or against his administrator, at any time within two years after the original grant of administration.

Upon this construction it is, to say the least, extremely doubtful whether this second plea is a good bar. The action is against an administrator. Such action may be barred by the operation of the general statute, before the death, or they may be barred by the lapse of two years after a legal grant of administration before the action is brought. To constitute a good defence, it would seem that the plea must allege one or the other of these states of facts. But the plea under consideration does neither. It alleges that

the defendant did not promise within six years next before the commencement of the suit, but it neither admits nor denies that there was a valid existing cause of action at the time of the decease. A plea that the deceased did not promise at any time within six years before his decease, or that the plaintiff's action did not accrue at any time within six years before the death of the deceased, would seem to be free from all objection.

It is not necessary to say more on this point, as no specific objection is made to the plea, and the substantial question discussed by the counsel is designed to be raised by the replication to this plea.

The replication alleges that Morris Leavitt died, within less than six years after he signed the notes declared on, intestate, and no administration was ever granted by the court of probate, nor was there ever any administration on said estate until the defendant, as executor of his own wrong, intermeddled with the personal estate of the deceased within two years next before the commencement of the plaintiff's action, &c. It thus places upon the record the fact that the deceased died within less than six years after the plaintiff's right of action accrued, from which the court are bound, *ex officio,* to notice that the right of action continued and survived, and that the defendant was not an executor rightfully appointed, but had made himself liable as an executor of his own wrong, so that the defendant could not take advantage of any subsequent lapse of time.

This pleading shows that notwithstanding the facts alleged in the defendant's plea, the action was still not barred, and this constitutes a perfect answer to the plea in substance, though it may not be free from serious defects of form.

As no exception is taken on this account, these defects are unimportant.

Brown *v.* Leavitt.

The rejoinder merely reiterates the plea, which is clearly no answer to the replication. It neither admits nor avoids any thing alleged in it.

*Judgment for the plaintiff.*